1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SATANYA MICHELLE SPEARMAN,              No.  2:20-cv-01839 AC

12              Plaintiff,

13      v.                                   ORDER

14   KILOLO KIJAKAZI, Acting
     Commissioner of Social Security,

15

16              Defendant.

17

18        Plaintiff sought judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner"), denying her application for a period of disability and disability benefits under

20   Title XVI of the Social Security Act ("the Act").  October 6, 2021, the court reversed and

21   remanded the action to the Commissioner pursuant to the parties' stipulation.  ECF No. 22.

22        Now pending before the court is plaintiff's July 22, 2022 motion for an award of

23   attorney's fees pursuant to 42 U.S.C. § 406(b).  ECF No. 25.  Defendant has responded but has

24   not opposed the fee request.  ECF No. 26.  For the reasons set forth below, the motion will be

25   granted.

26                    I.  REASONABLENESS OF FEE REQUEST

27        At the outset of the representation, plaintiff and her counsel entered into a contingent-fee

28   agreement.  ECF No. 25-1.  Pursuant to that agreement plaintiff's counsel now seeks attorney's

1

1  fees in the amount of $7,600.00, which represents less than 25% of the $55,108.19 in retroactive

2  disability benefits received by plaintiff on remand, for 11.76 hours of attorney time expended on

3  this matter.  ECF Nos. 25 at 1-3.

4          Attorneys are entitled to fees for cases in which they have successfully represented social

5  security claimants:

6              Whenever a court renders a judgment favorable to a claimant under
               this subchapter who was represented before the court by an attorney,
7              the court may determine and allow as part of its judgment a
               reasonable fee for such representation, not in excess of 25 percent of
8              the total of the past-due benefits to which the claimant is entitled by
               reason of such judgment, and the Commissioner of Social Security
9              may . . . certify the amount of such fee for payment to such attorney
               out of, and not in addition to, the amount of such past-due benefits.
10

11  42 U.S.C. § 406(b)(1)(A).  "In contrast to fees awarded under fee-shifting provisions such as 42

12  U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing

13  party is not responsible for payment."  Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009)

14  (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)).  The goal of fee awards under

15  § 406(b) is "'to protect claimants against "inordinately large fees" and also to ensure that

16  attorneys representing successful claimants would not risk "nonpayment of [appropriate] fees."'"

17  Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1217 (9th Cir. 2012) (quoting Gisbrecht,

18  535 U.S. at 805).

19          The 25% statutory maximum fee is not an automatic entitlement, and the court must

20  ensure that the fee requested is reasonable.  Gisbrecht, 535 U.S. at 808-09 ("406(b) does not

21  displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts

22  to review for reasonableness fees yielded by those agreements").  "Within the 25 percent

23  boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable

24  for the services rendered."  Id. at 807.  "[A] district court charged with determining a reasonable

25  fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee

26  arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"

27  Crawford, 586 F.3d at 1149 (quoting Gisbrecht, 535 U.S. at 793, 808).

28          In determining whether the requested fee is reasonable, the court considers "'the character

2

1   of the representation and the results achieved by the representative.'" Crawford, 586 F.3d at 1151

2   (quoting Gisbrecht, 535 U.S. at 808).  In determining whether a reduction in the fee is warranted,

3   the court considers whether the attorney provided "substandard representation or delayed the

4   case," or obtained "benefits that are not in proportion to the time spent on the case." Id.  Finally,

5   the court considers the attorney's record of hours worked and counsel's regular hourly billing

6   charge for non-contingent cases.  Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at

7   808); see also, E.D. Cal. R. 293(c)(1) (in fixing attorney's fees the court considers "the time and

8   labor required").  Below, the court will consider these factors in assessing whether the fee

9   requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

10      Here, plaintiff's counsel is an experienced attorney who secured a successful result for

11  plaintiff.  There is no indication that a reduction of fees is warranted due to any substandard

12  performance by counsel.  There is also no evidence that plaintiff's counsel engaged in any

13  dilatory conduct resulting in excessive delay.  Indeed, counsel was able to secure a stipulated

14  remand.  The court finds that the $7,600.00 fee, which does not exceed 25% of the amount paid in

15  past-due benefits paid to plaintiff, is not excessive in relation to the benefits awarded.  In making

16  this determination, the court recognizes the contingent fee nature of this case and counsel's

17  assumption of the risk of going uncompensated in agreeing to represent plaintiff on such terms.

18  See Crawford, 586 F.3d at 1152 ("[t]he attorneys assumed significant risk in accepting these

19  cases, including the risk that no benefits would be awarded or that there would be a long court or

20  administrative delay in resolving the cases").  Finally, counsel has submitted a detailed billing

21  statement in support of the requested fee.  ECF No. 25-4.

22      Accordingly, for the reasons stated above, the court concludes that the fees sought by

23  counsel pursuant to § 406(b) are reasonable.

24                              II.  OFFSET FOR EAJA FEES

25      An award of § 406(b) fees must be offset by any prior award of attorney's fees granted

26  under the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796.

27  Here, plaintiff's attorney was previously awarded $2,239.98 in EAJA fees.  See ECF No. 24.

28  Counsel therefore must remit that amount to plaintiff.

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's Motion for attorney Fees under 42 U.S.C. § 406(b) (ECF No. 25), is

3    GRANTED;

4    2.  Counsel for plaintiff is awarded $7,600.00 in attorney's fees under § 406(b); the

5    Commissioner shall certify that amount to be paid to counsel from the funds previously withheld

6    for the payment of such fees; and

7    3.  Counsel for plaintiff is directed to remit to plaintiff the amount of $2,239.98 for EAJA

8    fees previously paid to counsel by the Commissioner.

9    DATED: August 8, 2022

10

11   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4